UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS,<br><br>                    Plaintiff,<br><br>        v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>                    Defendants. | Case No.: 1:25-cv-00485-SKO<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE A PROPERLY COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, TO INCLUDE THE CERTIFICATE PORTION THAT IS TO BE COMPLETED BY AN AUTHORIZED OFFICER OF THE TUOLUMNE COUNTY JAIL**<br><br>(Doc. 2)<br><br>**21-DAY DEADLINE** |

Plaintiff Anthony Davis is a county jail inmate appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      INTRODUCTION**

Plaintiff initiated this action by filing a complaint with this Court on April 28, 2025. (Doc. 1) That same date, Plaintiff filed an Application to Proceed In Forma Pauperis by a Prisoner. (Doc. 2.)

**II.     DISCUSSION**

In the application, Plaintiff states he is currently incarcerated, he is not employed, and he does not receive any income from the following sources: business, profession, or other self-employment; rent payments, interest, or dividends; pension, annuity, or life insurance payments;

disability or workers' compensation payments; gifts or inheritances; or any other sources. (Doc. 2 at 1.) Plaintiff states he does not have any cash or a checking or saving account, does not own any automobile, real estate, stock, bond, security, trust, jewelry, artwork, or other financial instrument or thing of value, or other assets. (Doc. 2 at 2.) He also indicates no other persons depend on him for support. (*Id*.) Plaintiff signed and dated the application on April 23, 2025. (*Id*.)

The certification section is on page two of the application, below Plaintiff's signature. (Doc. 2 at 2 ["Certification Below is to be Completed by Non-CDCR Incarcerated Prisoners Only"].) That section provides that the "Certificate" is "To be completed by the institution of incarceration" and it includes a space for the date and "Signature of Authorized Officer" of the non-CDCR facility. (*Id*.) The Certificate asks the "Authorized Officer" to "certify that the applicant" has "the sum of $_____ on account to his/her credit at _____ (name of institution)" and asks the official to provide "the applicant's average monthly balance" and "average monthly deposits" for the previous six months. (*Id*.) The official is asked to "attach a certified copy of the applicant's trust account statement showing transactions for the past six months." (*Id*.)

While this section of Plaintiff's application is not blank, Plaintiff appears to have completed this section himself. He entered zeros for the sum in his account and for an average monthly balance. Plaintiff also entered "N/A" in the blank space intended for the name of the institution. Finally, Plaintiff drew an arrow up toward the directive regarding attaching a copy of the applicant's trust account statement, and handwrote the following below the space for an authorized signature: "Federal Rule of Evidence 201(b) 'free access' to tribunals by natural individual with constitutional right to petition the court [Crandall v. Nevada 1868]." (*See* Doc. 2 at 2.)

Because the response to the Certificate portion of Plaintiff's application has not been properly completed, Plaintiff will be directed to provide a properly completed application within 21 days. Plaintiff must have the bottom portion of page two of the application, under the heading "Certificate," completed by an authorized officer of the Tuolumne County Jail where he is presently incarcerated. Plaintiff may not complete that section himself.

Plaintiff is advised that Rule 201(b) of the Federal Rules of Evidence does not exempt him from having this section completed by an authorized officer. Rule 201(b) of the Federal Rules of Evidence pertains to judicial notice of adjudicative facts[1] and is not applicable here. Requiring Plaintiff to submit a properly completed application to proceed in forma pauperis does not implicate judicial notice, nor does it otherwise negatively impact his "'free access' to tribunals."

### III.     CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of his original application filed April 28, 2025 (Doc. 2) for ease of reference and as a one-time courtesy, along with a blank Application to Proceed In Forma Pauperis by a Prisoner form, and this Order; and

2. Plaintiff **SHALL** complete a new application form and must ensure the "Certificate" section on page two of the new form is completed, signed, and dated by an "authorized officer" of the Tuolumne County Jail, **within 21 days** of the date of this Order, before returning the properly completed form to the Court for its further consideration.

**WARNING: A failure to comply with this Order may result in a recommendation that this action be dismissed, without prejudice, for a failure to obey court orders**.

IT IS SO ORDERED.

Dated:   **May 6, 2025**                              /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The information sought on the application in the "Certificate" section does not involve a fact "generally known within the trial court's territorial jurisdiction," nor does it involve a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (2).