UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-00485-JLT-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FILED MAY 19, 2025**<br><br>(Doc. 7) |

Plaintiff Anthony Davis is a county jail inmate appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     BACKGROUND**

Plaintiff filed his complaint and an application to proceed in forma pauperis on April 28, 2025. (Docs. 1& 2.)

On May 6, 2025, this Court issued its Order Directing Plaintiff To Provide A Properly Completed Application To Proceed In Forma Pauperis By Prisoner, To Include Certification Portion That Is To Be Completed By An Authorized Officer Of The Tuolumne County Jail. (Doc. 4.) The Order directed as follows: "Plaintiff **SHALL** complete a new application form and must ensure the 'Certificate' section on page two of the new form is completed, signed, and dated by an 'authorized officer' of the Tuolumne County Jail, **within 21 days** of the date of this Order, before returning the properly completed form to the Court for its further consideration." (*Id*. at 3, emphasis in original.)

On May 13, 2025, Plaintiff filed a completed Consent/Decline of U.S. Magistrate Judge Jurisdiction form. (Doc. 5 [restricted].) That same date, this case was assigned to District Judge

Jennifer L. Thurston. (Doc. 6 [Clerk's Notice].)

On May 19, 2025, Plaintiff filed a document titled "Motion to Vacate Void Request." (Doc. 7.)

**II.    DISCUSSION**

*Plaintiff's Motion*

In his motion, Plaintiff contends that pursuant to Rule 201(b) of the Federal Rules of Evidence, a district court "is required to waive filing fees" so Plaintiff "can access the court for justice is justified by a natural individual right to petition the court without fees," citing to *Crandall v. State of Nevada*, 73 U.S. 35 (1867). (Doc. 7 at 1.) Plaintiff contends this Court must take judicial notice "of precedence under Federal Rules of Evidence 201(b) ['Bank of Commerce v. Commissioner of Taxes for New York, 2 Black 620 (1863)] requires the Clerk of the Court to waive filing fees to allow the undersigned to access the court." (*Id*.) Plaintiff states that "this makes the form that the court claims is required moot." (*Id*. at 1-2.)

Plaintiff next contends that because "the magistrate judge never received consent from the parties to obtain consent" and that "free access to the courts for relief is constitutional under 1st, 5th and 14th amendment, requiring a six month statement to collect filing fees" is unconstitutional and violates section 636(b)(3) Title 28 of the United States Code. (*Id*. at 2.) Plaintiff "demands that the court proceed forward with [his] constitutional right to petition the court without fees or the inmate statement from the county jail." (*Id*.)

*Analysis*

The undersigned begins by addressing magistrate judge jurisdiction. "Congress intended magistrates to play an integral and important role in the federal judicial system." *Peretz v. United States*, 501 U.S. 923, 928 (1991). The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates. *See* 28 U.S.C. § 636. The Act provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision. 28 U.S.C. § 636(b)(1)(A). Certain other matters (such as case-dispositive motions [for injunctive relief, summary judgment, or failure to state a claim], petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and

2

1  recommendations. 28 U.S.C. § 636(b)(1)(B). The Act also states that a magistrate judge may be
2  "assigned such additional duties as are not inconsistent with the Constitution and laws of the
3  United States." 28 U.S.C. § 636(b)(3). And "[e]ach district court shall establish rules pursuant to
4  which the magistrate judges shall discharge their duties." 28 U.S.C. § 636(b)(4). The purpose of
5  the Federal Magistrates Act is to improve the effective administration of justice. *Peretz*, 501 U.S.
6  at 928.

7  Here, Plaintiff is correct that all parties to this action have not consented to magistrate
8  judge jurisdiction. In fact, no appearance has been made by the entities named as defendants in
9  Plaintiff's complaint. Nevertheless, the undersigned's May 6, 2025, order concerns a pretrial,
10 non-dispositive matter and is therefore appropriately addressed by the assigned magistrate judge.
11 The May 6, 2025, order is not dispositive of any matter before the Court and simply seeks to gain
12 additional information necessary to determine whether Plaintiff is entitled to proceed in forma
13 pauperis in this action. Only upon receipt of this information would the dispositive nature of
14 Plaintiff's application be implicated. In other words, if, upon receipt of the additional information
15 from Plaintiff, the undersigned determines Plaintiff is not entitled to proceed in forma pauperis,
16 the undersigned would then issue the appropriate findings and recommendations to deny in forma
17 pauperis status to the assigned district judge. Simply put, the May 6, 2025, order is a non-
18 dispositive pretrial order because it does not seek to adjudicate or otherwise dispose of Plaintiff's
19 claims.

20 Plaintiff's contention[1] that *Crandall v. State of Nevada* requires this Court to "waive filing
21 fees" for this action is misplaced. In *Crandall*, the Supreme Court invalidated a Nevada tax on
22 every person leaving the state by common carrier. *Id*. The Supreme Court has recognized a
23 federal right of free access to the seat of government, including access to courts. *Id*. However,
24 *Crandall* does not stand for the proposition that Plaintiff's filing fee in this action must be

---

[1] Plaintiff asks the Court to take judicial notice of Supreme Court precedent. Judicial notice is a court's recognition of the existence of a fact without the necessity of formal proof. *See Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992). Decisions of the United States Supreme Court are not an appropriate subject for judicial notice because Federal Rule of Evidence 201 "governs judicial notice of an adjudicative fact *only*." Fed. R. Evid. 201(a) (emphasis added). Although judicial notice is denied, the Court nevertheless considers the applicability of the holdings in *Crandall* and *Bank of Commerce* to the issues before it.

3

waived. *See, e.g.*, *Rice v. City of Boise City*, No. 1:13-cv-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013) (overruling plaintiff's objection to providing more detailed financial information and finding *Crandall* did not stand for the proposition that filing fees are unconstitutional). *Bank of Commerce v. Commissioner of Taxes for New York,* 67 U.S. 620, 626 (1862) also addresses the manner of taxation regarding a bank's "surplus of stock." It does not stand for the proposition that the Clerk of Court must waive the filing fee for this action. *See also Rice*, 2013 WL 6385657, at *1.

Section 1915 of Title 28 of the United States Code—the Prison Litigation Reform Act (PLRA)—applies here and states that "any court of the United States may authorize the commencement … of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit …." 28 U.S.C. § 1915(a)(1). The statute also provides that a "prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). It further provides: "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee. …" 28 U.S.C. § 1915(b)(1).

To proceed in forma pauperis is a privilege, not a right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (stating "IFP status is not a constitutional right"). And filing fees have been consistently upheld on the grounds that reasonable costs may be imposed on persons who want to sue. *Lumbert v. Ill. Dept. of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987). "Litigation is not a free good, and its costs are not limited to those who initiate it." *Id*.; *see also Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (upholding the imposition of partial filing fees on IFP plaintiffs). The PLRA provision requiring a prisoner to pay twenty percent of his monthly income in filing fees does not place an

unreasonable burden on a prisoner's constitutional right to meaningful access to the courts. *Hendon v. Ramsey*, 478 F.Supp.2d 1214, 1219-20 (S.D. Cal. 2007).

Federal district courts have wide discretion in acting upon motions to proceed in forma pauperis as plaintiff in a civil action, particularly in civil rights actions brought by prisoners. *Torres v. Garcia*, 444 F.2d 537 (9th Cir. 1971). A district court may make factual inquiries when considering whether an individual is entitled to in forma pauperis status. *See, e.g.*, *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff was asked to provide additional information to determine whether he is entitled to in forma pauperis status. Plaintiff was directed to "complete a new application form and must ensure the 'Certificate' section on page two of the new form is completed, signed, and dated by an 'authorized officer' of the Tuolumne County Jail.'" The order and its directive are appropriate. 28 U.S.C. § 1915; *Olivares*, 59 F.3d at 111; *Lumbert*, 827 F.2d at 259; *McQuade*, 647 F.2d at 940; *Smart*, 347 F.2d at 116; *Hendon*, 478 F.Supp.2d at 1219-20. Plaintiff's motion will be denied, and he will be directed to comply with the Court's May 6, 2025, order.

### III. CONCLUSION AND ORDER

For the foregoing reasons, this Court **HEREBY ORDERS** that:

1. Plaintiff "Motion to Vacate Void Request" (Doc. 7) is **DENIED**;
2. Plaintiff **SHALL** comply with this Court's May 6, 2025, Order **within 14 days** of the date of service of this Order; and
3. Plaintiff is cautioned that a failure to comply with this Order may result in a recommendation that this action be dismissed, without prejudice, for a failure to obey court orders and failure to prosecute.

IT IS SO ORDERED.

Dated:  **May 23, 2025**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

5