UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS,<br>Plaintiff,<br>v.<br>TUOLUMNE COUNTY JAIL, et al.,<br>Defendants. | Case No.: 1:25-cv-00485-JLT-EGC (PC)<br>**ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES**<br>(Doc. 14) |

Plaintiff Anthony Davis is a county jail inmate appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. RELEVANT BACKGROUND

Plaintiff initiated this action by filing a complaint on April 28, 2025. (*See* Doc. 1.)

On June 16, 2025, Plaintiff filed a first amended complaint. (Doc. 11.)

The Court then issued its First Screening Order on March 17, 2026. (Doc. 1.) The Court determined the amended complaint failed to state a claim upon which relief could be granted (*id.* at 5-12) and directed Plaintiff to file a second amended complaint or a notice of voluntary dismissal within 21 days (*id.* at 13-14).

On March 30, 2026, Plaintiff filed a second amended complaint (Doc. 13) and a motion for consolidation (Doc. 14). Below, the Court will address Plaintiff's motion for consolidation.[1]

[1] This Court is operating under a continuing judicial emergency. Delays, while unfortunate, are unavoidable. Plaintiff's second amended complaint will be screened in due course.

## II. DISCUSSION

Plaintiff moves to consolidate the instant action with *Davis v. Tuolumne County, et al.,* case number 1:25-cv-00925-JLT-SAB (*Davis II*). (Doc. 14 at 2.) Plaintiff contends consolidation would "ease the [already] high burden on the courts, seeing how (JLT) is the judge assigned to both cases, and each of the claims as well as the facts contained [in this case] are relevant to" the other case. (*Id.*)

Rule 42 of the Federal Rules of Civil Procedures provides that a court may consolidate actions involving "common questions of law or fact." Fed. R. Civ. P. 42(a)(2). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct. for the Cent. Dist. of Cal*., 877 F.2d 777 (9th Cir. 1989).

In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc. v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). And the party seeking consolidation bears the burden of proving consolidation is appropriate. *Single Chip Sys. Corp. v. Intermec IP Corp*., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). Thus, the moving party must establish that the judicial economy and convenience associated with the consolidation outweighs any prejudice. *Id*. The "main question" the court must address is whether common questions of law or fact exist between the cases. *Id*. Then, the court must weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense it could cause. *Id*.

A review of the complaint in the *Davis II* reveals that action proceeds "only against Defendant Hurtado for retaliation in violation of the First Amendment." (Doc. 13 at 2.) Further, a review of the docket reveals that Defendant has answered the operative complaint (Doc. 18), discovery commenced on January 22, 2026 (Doc. 19), Defendant filed an exhaustion-based summary judgment motion on May 22, 2026 (Doc. 44), and Plaintiff filed a motion to compel on August 24, 2026 (Doc. 54); both motions remain pending determination and discovery will conclude on September 22, 2026.

Here, in contrast, Plaintiff's second amended complaint has not yet been screened. Therefore, there are no cognizable claims alleged against any defendant and thus no defendant has appeared in this action. Moreover, a brief review of the second amended complaint reveals that Plaintiff identifies at least two claims and asserts the following civil rights have been violated: "(18 USCS 241), (18 USCS 242), (42 USCS 1985) (42 USCS 1986), equal protection and due process, Cal Civil Code 52.3." (Doc. 13 at 3.) Plaintiff names four defendants: the Tuolumne County Sheriff, Neil A. Evans, Lieutenant Hurtado, and Nate Yorston. (*Id*. at 1-3.)

Plaintiff's motion to consolidate will be denied. The two cases do not involve the same questions of law and consolidating them would not serve the interests of judicial economy. In this action, Plaintiff has alleged multiple constitutional claims which have not yet been screened whereas *Davis II* proceeds on a single First Amendment retaliation claim. Even if some questions of fact overlap, the cases are in vastly different stages of the proceedings. In this action, again, the Court has not yet screened Plaintiff's second amended complaint. Therefore, as it presently stands, Plaintiff has alleged no cognizable claims in this action. Whereas in the *Davis II,* the only claim involves allegations of First Amendment retaliation and Defendant Hurtado has filed an exhaustion-based summary judgment motion that may dispose of the action in its entirety if the Court concludes Plaintiff failed to exhaust his administrative remedies. Consolidating these two actions would not promote efficiency in case management or discovery, particularly where discovery has nearly concluded in that action. *Davis II*, the later filed action, would be delayed were the cases consolidated given the procedural posture of this action; thus, judicial convenience would be thwarted. *Southwest Marine, Inc.*, 720 F. Supp. at 807; *see also, e.g.*, *Mazik v. Kaiser Permanente, Inc.*, No. 2:19-CV-00559-DAD-JDP, 2024 WL 3011214, at *10 (E.D. Cal. June 14, 2024) (citing *Lexington Ins. Co. v. Scott Homes Multifamily, Inc.*, No. 12-cv-02119-JAT, 2013 WL 4026883, at *2 (D. Ariz. Aug. 7, 2013) (denying a motion to consolidate where "the cases share a common factual background in a general sense" and stating "there is unlikely to be a substantial duplication of effort that would be saved if both cases were being heard by one judge")).

Significantly too, the undersigned observes that Plaintiff's two motions seeking consolidation of these cases filed in the *Davis II* matter on April 13 and May 4 respectively, were denied by Magistrate Judge Stanley A. Boone on May 15, 2026.[2] (Doc. 43.) On that date, Judge Boone noted "substantial countervailing factors weigh against consolidation," including the fact "neither second amended complaint" had yet been screened, that in the instant action there were "no pending claims against any defendant," that it appeared Plaintiff was "attempting to shoehorn theories into [*Davis II*] that have already been rejected in his other" case, and that Plaintiff had "been directed not to include new or unrelated claims in his amended complaints in both cases." (*See* 1:25-925, Doc. 43 at 4-5.) Judge Boone further found "the cases are in different procedural postures" and that consolidation could "create prejudice on the parties by allowing a future jury to be exposed to evidence that is irrelevant to Plaintiff's other claims." (*Id*. at 5.)

In short, Plaintiff did not meet his burden to establish consolidation is appropriate. *Single Chip Sys. Corp.*, 495 F. Supp. 2d at 1057. The two actions do not share common questions of law, nor would consolidating them promote judicial economy. Fed. R. Civ. P. 42(a)(2); *Southwest Marine, Inc*., 720 F. Supp. at 807.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion to consolidate cases (Doc. 14) is **DENIED**.

IT IS SO ORDERED.

Dated: **September 17, 2026**

Erin Sanchez Castillo
UNITED STATES MAGISTRATE JUDGE

[2] *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").